UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAGDEEP S., <br><br> Petitioner, <br><br> v. <br><br> ORESTES CRUZ, et al., <br><br> Respondents. | No. 1:26-cv-00355-TLN-JDP <br><br><br> **ORDER** |

On January 16, 2026, the Court granted Petitioner Jagdeep S.'s ("Petitioner") Motion for a Temporary Restraining Order ('TRO") and ordered Respondents to show cause why this Court should not issue a preliminary injunction on the same terms. (ECF No. 4.) On January 28, 2026 Respondents filed a response. (ECF No. 6.) For the reasons set forth below, the Court issues a preliminary injunction.

**I.    FACTUAL AND PROCEDURAL BACKGROUND[1]**

Petitioner is a noncitizen currently detained at the Mesa Verde Detention Center in Kern County, California. (ECF No. 2-1 at 3.) Petitioner entered the United States on September 11,

---

[1] Respondents do not dispute the facts provided by Petitioner and set forth in this Court's prior order. (*See generally* ECF No. 6.) As such, these facts are reiterated almost verbatim here for clarity.

1

2023 seeking asylum. (*Id.*) On November 14, 2023, U.S. Immigration and Customs Enforcement ("ICE") released Petitioner from custody on his own recognizance under certain conditions. (*Id.*; ECF No. 1-1 at 2.) Petitioner states he has complied with all the conditions of his release and did not engage in any criminal conduct. (ECF No. 2-1 at 3.) Petitioner applied for asylum on December 8, 2023 and his application remains pending. (*Id.*)

On November 20, 2025, Petitioner was taken into ICE custody. (*Id.*) Petitioner was not provided with written notice explaining the reasons for his detention, nor was he afforded a hearing before a neutral decisionmaker. (*Id.*) On December 8, 2025, Petitioner requested a custody redetermination hearing but was denied. (ECF No. 1 at 5.)

On January 16, 2026, Petitioner filed a writ of habeas corpus. (*See generally* ECF No. 1.) The same day, Petitioner filed a TRO challenging the constitutionality of his detention and seeking immediate release. (ECF No. 2.) The Court subsequently issued a TRO requiring Petitioner's immediate release and enjoining and restraining Respondents from re-arresting or re-detaining Petitioner absent compliance with constitutional protections. (ECF No. 4.) The Court now determines whether the relief contained in the TRO should continue as a preliminary injunction.

## II. STANDARD OF LAW

For a preliminary injunction, courts consider whether a petitioner has established "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Petitioner must "make a showing on all four prongs" of the *Winter* test. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

In evaluating a petitioner's motion, a district court may weigh petitioner's showings on the *Winter* elements using a sliding-scale approach. *Id.* A stronger showing on the balance of the hardships may support issuing a preliminary injunction even where the petitioner shows that there are "serious questions on the merits . . . so long as the [petitioner] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* Simply put, a

1 petitioner must demonstrate, "that [if] serious questions going to the merits were raised [then] the
2 balance of hardships [must] tip[ ] sharply" in petitioner's favor to issue the requested preliminary
3 injunction. *Id.* at 1134–35.

### III.     ANALYSIS

This Court previously found that Petitioner established a likelihood of success on each of the *Winter* elements sufficient to warrant relief as set forth in the TRO. (ECF No. 4.) Specifically, the Court found Petitioner had established a likelihood of success on his claim that his detention violated the Fifth Amendment Due Process Clause. (*See generally id.*) Now, in response to the Order to Show Cause, Respondents argue this Court should not issue a preliminary injunction because Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225. (ECF No. 6 at 1.)

This argument does not alter the Court's determination that Petitioner is likely to succeed on his due process claim. As Respondents acknowledge, (*id.* at 2 n.1), this Court has found repeatedly that noncitizens like Petitioner who have already entered the United States at the time ICE detains them are not "applicants for admission" subject to 8 U.S.C. § 1225. *See, e.g.*, *Morales-Flores v. Lyons*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *2 (E.D. Cal. Dec. 11, 2025); *Hortua v. Chestnut*, No. 1:25-CV-01670-TLN-JDP, 2025 WL 3525916, at *3 (E.D. Cal. Dec. 9, 2025); *F.V.A.V. v. Wofford, et al.*, No. 1:25-cv-01763-TLN-JDP, ECF No. 16 (E.D. Cal. Dec. 19, 2025); *cf. F.S.S.M. v. Wofford*, No. 1:25-CV-01518-TLN-AC, 2025 WL 3526671, at *3 (E.D. Cal. Dec. 9, 2025). Without new facts, reasoning, or a higher court order finding otherwise, this Court will not reconsider its position from prior rulings.

Respondents do not challenge Petitioner's arguments as to the remaining *Winter* factors for irreparable harm, balance of equities, and public interest. Because the standard for issuing a TRO is "substantially identical" to the standard for issuing a preliminary injunction, *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), the Court incorporates its reasoning from the TRO and does not duplicate its analysis here.

///

///

### IV. CONCLUSION

In sum, to prevent further irreparable harm, the Court issues a preliminary injunction. IT IS HEREBY ORDERED:

1. Respondents are ENJOINED AND RESTRAINED from imposing any additional restrictions on Petitioner Jagdeep S. unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing.

2. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation/custody hearing before a neutral decisionmaker, where the Government shall bear the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk, and Petitioner shall be allowed to have his counsel present.

3. The bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this one. *See Diaz v. Brewer*, 656 F.3d 1008, 1015 (9th Cir. 2011).

4. This matter is referred back to the United States Magistrate Judge for a determination on the merits.

IT IS SO ORDERED.

Date: January 30, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

4